```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                     TAMPA DIVISION
```

AMY ROBINSON,

       Plaintiff,

v.                                  Case No. 8:23-cv-1838-VMC-UAM

COMMISSIONER,
SOCIAL SECURITY ADMINISTRATION,

       Defendant.
_____/

**ORDER**

This matter comes before the Court upon consideration of Plaintiff's Unopposed Motion for Attorney's Fees pursuant to the Equal Access to Justice Act (Doc. # 26), filed on October 8, 2024. As set forth below, the Court grants the Motion and awards $10,276.76 in fees.

## I. **Eligibility for Award of Fees**

The Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, requires an award of attorney's fees and costs to any party prevailing in litigation against the United States, including proceedings for judicial review of Social Security Administration Agency action, unless the Court determines that the position of the United States was substantially justified or that special circumstances exist and make an award unjust. 28 U.S.C. § 2412(d)(1)(A).

1

Under the EAJA, a party may recover an award of attorney's fees against the government provided the party meets five requirements: (1) the party seeking the award is the prevailing party; (2) the application for such fees, including an itemized justification for the amount sought, is timely filed; (3) the claimant had a net worth of less than $2 million at the time the complaint was filed; (4) the position of the government was not substantially justified; and (5) there are no special circumstances which would make an award unjust. See 28 U.S.C. § 2412(d)(1) and (2).

A. **Prevailing Party**

The Judgment in this case reversed the final decision of the Commissioner and remanded the case for further consideration pursuant to sentence four of the Social Security Act, 42 U.S.C. § 405(g). (Doc. ## 23-24). "[A] party who wins a sentence-four remand order is a prevailing party." Shalala v. Schaefer, 509 U.S. 292, 302 (1993). Thus, Plaintiff qualifies as the prevailing party in this action.

B. **Timely Application**

The EAJA requires a prevailing party to file an application for attorney's fees within thirty days of final judgment in the action. 28 U.S.C. § 2412(d)(1)(B). This requirement has been met here. This case was remanded upon

order of this Court on July 12, 2024, and Judgment was entered the same day. (Doc. ## 23-24). Pursuant to Federal Rule of Appellate Procedure 4(a)(1)(B), either party had 60 days to file an appeal. The Judgment therefore became final as of September 10, 2024, and this request for attorney's fees was presented within thirty days of that date. Thus, the application is timely filed.

### C. Claimant's Net Worth

Plaintiff states that her net worth was less than $2,000,000 at the time this action was filed (Doc. # 26 at 2), and the Commissioner does not contest this assertion. Accordingly, the Court finds this requirement to be satisfied.

### D. Lack of Substantial Justification

The burden of proving substantial justification is on the government. Stratton v. Bowen, 827 F.2d 1447, 1450 (11th Cir. 1987). "Therefore, unless the Commissioner comes forth and satisfies [this] burden, the government's position will be deemed not substantially justified." Kimble ex rel. A.G.K. v. Astrue, No. 6:11-cv-1063-MCR, 2012 WL 5877547, at *1 (M.D. Fla. Nov. 20, 2012). In this case, the Commissioner does not dispute the issue of substantial justification. Thus, the

Court finds that the government's position was not substantially justified.

### E. No Special Circumstances

Finally, the Commissioner has not made a claim that any special circumstances exist that weigh against the awarding of fees. Accordingly, the Court finds no special circumstances indicating an award of fees would be unjust.

## II. Amount of Fees

Having determined Plaintiff is eligible for an award of fees under the EAJA, the Court now turns to the reasonableness of the amount of fees sought. The amount of attorney's fees to be awarded "shall be based upon the prevailing market rates for the kind and quality of the service furnished," except that attorney's fees shall not exceed $125 per hour unless the Court determines an increase in the cost of living or a "special factor" justifies a higher fee award. 28 U.S.C. § 2412(d)(2)(A)(ii).

Here, Plaintiff requests a total award of $10,276.76 in attorney's fees and paralegal fees, representing 41.68 attorney hours total at an average hourly rate of $246.51 per hour and 7.07 hours of paralegal time billed at a $100 hourly rate. (Doc. # 26 at 1). The Court determines the requested hourly rates are appropriate. Notably, the Commissioner does

4

not oppose Plaintiff's proposed hourly rates. Thus, the Court will adopt the proposed rates. The Court also determines that 41.68 hours of attorney time and 7.07 hours of paralegal time is reasonable in this case.

### III. Payment of Fees

The Supreme Court established in Astrue v. Ratliff, 560 U.S. 586 (2010), that EAJA payments may be made directly to a plaintiff's attorney only in cases in which the plaintiff does not owe a debt to the government and the plaintiff has assigned the right to EAJA fees to her attorney. Here, Plaintiff has assigned the EAJA payment to her attorneys. (Doc. # 26 at 3; Doc. # 26-1 at 3). The parties agree that after the Court grants the motion for attorney's fees, the Commissioner will determine whether Plaintiff owes a debt to the government. (Doc. # 26 at 3). As such, the Court will leave to the parties the determination of to whom the fees shall be paid.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiff's Unopposed Motion for Attorney's Fees pursuant to the Equal Access to Justice Act (Doc. # 26) is **GRANTED.**

(2) The Clerk is directed to enter a judgment of attorney's fees in favor of Plaintiff and against Defendant in the amount of $10,276.76.

(3) Unless the Department of Treasury determines that Plaintiff owes a federal debt, the government must pay the fees to Plaintiff's counsel in accordance with Plaintiff's assignment of fees.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 28th day of October, 2024.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE