UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AMY ROBINSON,

     Plaintiff,

v.                                    Case No. 8:23-cv-1838-VMC-UAM

COMMISSIONER,
SOCIAL SECURITY ADMINISTRATION,

     Defendant.
_____/

**ORDER**

This matter comes before the Court upon consideration of Plaintiff's Motion for Attorney's Fees pursuant to 42 U.S.C. § 406(b)(1) (Doc. # 29), filed on February 12, 2026, and Plaintiff's Unopposed Amended Motion for Attorney's Fees pursuant to 42 U.S.C. § 406(b)(1) (Doc. # 31), filed on February 23, 2026. The Commissioner does not oppose the Amended Motion. As set forth below, the Court grants the Amended Motion, awards $13,127.99 in fees, and denies as moot the original Motion.

**Discussion**

The Judgment in this case reversed the final decision of the Commissioner and remanded the case for further consideration pursuant to sentence four of the Social Security Act, 42 U.S.C. § 405(g). (Doc. ## 23-24). The Court

1

previously awarded Plaintiff's counsel $10,276.76 in attorney's fees under the Equal Access to Justice Act (EAJA). (Doc. # 27). Subsequently, the Commissioner found Plaintiff disabled on remand. (Doc. ## 31-4, 31-5, 31-6). Plaintiff's counsel now seeks attorney's fees under 42 U.S.C. § 406(b). (Doc. # 31).

Under Section 406(b), when a court enters judgment favorable to a Social Security claimant represented by counsel, the court may award attorney's fees not to exceed twenty-five percent of the claimant's total past-due benefits. 42 U.S.C. § 406(b)(1)(A). When an attorney receives attorney's fees under the EAJA and Section 406(b), the attorney must refund the smaller fee but "may choose to effectuate the refund by deducting the amount of an earlier EAJA award from his subsequent [Section] 406(b) fee request." Black v. Culbertson, 470 F. App'x 737, 739 (11th Cir. 2012) (citation omitted).

Based on the fee agreement to which Plaintiff agreed, her counsel could request twenty-five percent of past-due benefits for attorney's fees. (Doc. # 31-3). Plaintiff's counsel now requests this amount minus the attorney's fees previously awarded under the EAJA, which equals a total of $13,127.99. (Doc. # 31; Doc. # 31-2 at 2-3). The Court finds

2

that Plaintiff's counsel is entitled to this reasonable amount.

Accordingly, it is now

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) Plaintiff's Unopposed Amended Motion for Attorney's Fees pursuant to 42 U.S.C. § 406(b)(1) (Doc. # 31) is **GRANTED.** Plaintiff's Motion for Attorney's Fees pursuant to 42 U.S.C. § 406(b)(1) (Doc. # 29) is **DENIED** as moot.

(2) Plaintiff's counsel is awarded $13,127.99 in attorney's fees, which represents twenty-five percent of Plaintiff's past due benefits reduced by the attorney's fees previously awarded under the EAJA.

(3) The Clerk is directed to enter a judgment of attorney's fees in favor of Plaintiff and against Defendant in the amount of $13,127.99.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 24th day of February, 2026.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE